## CALAF Y FUGURUL *v.* CALAF Y RIVERA.

### APPEAL FROM THE SUPREME COURT OF PORTO RICO.

No. 199.   Argued January 26, 1914.—Decided February 24, 1914.

While under the laws of Toro parol acts, although not amounting to a solemn recognition, may have entitled a natural child to sue in Porto Rico for a share of the parent's inheritance and prove the acts in the same suit, the existing Code requires a preliminary proceeding to prove those acts and to declare their effect, and limits the time within which such proceeding can be brought. *Cordova* v. *Folgueras,* 227 U. S. 375.

A judgment or decree bars all grounds for the relief sought and, as *res judicata,* it is a bar to a subsequent suit between the same parties the object of which is to reach the same result by different means.

Whether the judgment in a former suit between the same parties was or was not final is a question of local practice upon which this court follows the local court unless strong reasons are produced against it.

17 Porto Rico, 185, affirmed.

THE facts, which involve the construction of the laws of Porto Rico relating to the recognition as heirs of natural children, are stated in the opinion.

*Mr. Manuel Rodriguez Serra,* with whom *Mr. Charles Hartzell* was on the brief, for appellants.

*Mr. Paul Fuller*, with whom *Mr. Frederic R. Coudert* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the appellants against the testamentary heir of Salvador Calaf, seeking to have the institution of the defendant as heir declared void and the intestate succession of Salvador Calaf opened. The appellants alleged that four of them were natural children and the fifth the natural grandson of Ramon Calaf, and that they were his ab-intestate heirs; that Ramon was born on August 31, 1840 and died on October 9, 1895, his parents being Salvador Calaf and Maria Antonia Martinez, who, in short, had legal capacity to marry, and that Salvador recognized Ramon as his natural son; that Salvador died on February 11, 1903, leaving a will by which the defendant, a natural son, was instituted universal heir and the plaintiffs were ignored. The answer denied most of the allegations of the complaint, and alleged that Maria Martinez was a negro slave; that the plaintiff had brought a previous suit against the defendant, claiming one-half of the said Salvador's estate as his successor, which was dismissed on demurrer without leave to amend; and that the cause of action was prescribed by Articles 199 and 1840 of the Civil Code in force, and 1964, 1939 and 137 of the original Civil Code. The Supreme Court of Porto Rico held that in a suit to nullify the institution of an heir the recognition of Ramon could be proved only by a judgment or an act in solemn and authentic form, and that there was no such proof; and also that the matter was *res judicata* and barred. On these grounds it ordered the complaint to be dismissed.

The former ground was established by this court in *Cordova* v. *Folgueras*, 227 U. S. 375, 378, in which it was decided that "while, under the laws of Toro, the acts of

recognition alleged, although not amounting to a solemn recognition, may have entitled a natural child to sue for her share of the inheritance and to prove the acts in the same suit, the Code requires a preliminary proceeding to prove those acts and to declare their effect, and limits the time within which such proceeding can be brought." It was added, "This hardly can be called an interference with vested rights, when a reasonable time for bringing the preliminary proceeding is allowed." The change was not a denial of any rights previously acquired, but only a change in the procedure by which such alleged rights were to be proved (as, if disputed, they had to be proved in some proceeding in order to be enjoyed), with a limitation of the time for doing it. We hardly understand it to be asserted that there was any solemn act or authentic instrument satisfying the requirements of the Code for the purposes of the present suit. At all events, we see no reason for doubting the decision of the court below on this point. This being so, the appellant could not prove in this action by private acts of Salvador that Ramon was his natural son, and the Supreme Court seems to be plainly right in its intimation that the time for a proceeding in which the filiation might be established by such acts has gone by. See *Burnet* v. *Desmornes*, 226 U. S. 145.

Another defence is that the same matter has been adjudged between the parties. The Civil Code in force, Article 1219, requires identity 'between the things, causes, and persons of the litigants,' according to the translation in the record. It was said by the court below that there was identity of things, because the end of both suits was to share in the inheritance of Salvador Calaf; that the cause of action was the same, that is, recognition of Ramon as a natural son, asked for in one case and taken for granted in the other; and (with immaterial changes) that the persons were the same. We understand the Codes and the court to assert a doctrine substantially that of our own

law. The filiation decided against in the former case is a material fact in this one and is *res judicata* unless it is avoided by distinctions as to which we will say a word.

In the former suit the appellants alleged the same descent, but instead of alleging express and solemn recognition of Ramon by Salvador as his natural son, sought to have him declared such and therefore entitled to inherit one-half of Salvador's estate. Its immediate object was to establish filiation by a judgment, while the immediate object here is to nullify a will. The theory put forward was so far different, that unless the complaint in this case had been interpreted as alleging a recognition in solemn form it would have been held bad on its face. In the former suit also the mother was alleged to have been a slave. But these differing allegations are simply different means to reach the same result; the possession by Ramon of the rights of a natural son; and the evidence offered in this case like the allegations in the former one was only of private acts. In these circumstances the true principle has been declared by this court to be that a judgment or decree bars all grounds for the relief sought. *Northern Pacific Ry. Co.* v. *Slaght,* 205 U. S. 122, 130, 131. *United States* v. *California & Oregon Land Co.,* 192 U. S. 355, 358. The Supreme Court of Porto Rico has applied the principle here and we should require the clearest authority before we overruled an application that seems to us so obviously correct. It is urged further that there was no final judgment in the former case. Upon a question of that sort we follow the local court unless stronger reasons against it are produced than can be shown here. *Tiaco* v. *Forbes,* 228 U. S. 549, 558.

*Judgment affirmed.*