CATHOLIC CHURCH, PLAINTIFF, APPELLANT AND APPELLEE, *v.* MUNICIPALITY OF BAYAMÓN, DEFENDANT, APPELLEE AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Ejectment.

No. 1935.—Decided November 17, 1919.

RES JUDICATA—EJECTMENT.—The Catholic Church of Bayamón brought an action against the municipality of Bayamón to recover a certain parcel of land which the municipality had recorded in its name in the registry of property, alleging that its title proceeded from a certain grant made to it by the Spanish Government more than a century ago. The defendant answered, the case was brought to trial and the court dismissed the complaint. After the judgment became final the church brought another action to recover the same parcel of land, altering its description somewhat and failing to allege the grant as a title. The title asserted was quiet, peaceable and uninterrupted possession from 1772 until 1907. Among others, the defendant set up the plea of *res judicata.* The court sustained it. The plaintiff appealed and this court affirmed the judgment because it appeared that there was perfect identity of things, causes and persons which the law requires to establish *res judicata.*

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the plaintiff.

*Mr. Manuel F. Rossy* for the defendant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of San Juan, Section 1, dismissed the complaint in this action on the defendant's plea of *res judicata*.

The Church claimed the ownership of a certain parcel of land which is recorded in the name of the municipality and sued for its recovery, together with the cancelation of its record in the registry in the name of the defendant. The defendant answered, setting up the plea of *res judicata,* among others, and the case went to trial. Evidence was introduced in support of the said plea and, as we have said, the court sustained it and dismissed the complaint. In his opinion the district judge expressed himself as follows:

"This plea of *res judicata* should be considered first.

"The evidence introduced in the case includes, among other documents, the complaint, opinion and judgment in civil case No. 6151 of this district court, being an action of ejectment by the Roman Catholic Apostolic Church of Porto Rico against the Municipality of Bayamón, and a certificate of the Registrar of Property of San Juan regarding the record of possession referred to in the complaint. Having compared the complaint in that case with the complaint in this case and examined the certificate of the registrar, the court is of the opinion that in the two cases there is

"(*a*) Identity of parties plaintiff and defendant.

"(*b*) Identity of subject-matter. The property sued for is the same, although its area has been slightly changed, because it is the property held by the municipality under a record of possession, and the nullity of that record is prayed for. Besides, the title set up is the same, because the possession alleged by the plaintiff is based on an alleged grant which cannot be considered separately from the fact of the possession, inasmuch as this fact, if it be a fact, would be derived from that title.

"(*c*) Identity of cause of action in both suits.

"In the said suit No. 6151 of this court judgment was entered on February 13, 1914, on the merits of the case, dismissing the complaint, and that judgment appears to be final.

"Having arrived at this conclusion, the court need not pass upon any other matter."

The law that governs this case is section 1219 of the Civil Code. Subdivision three of the said section reads as follows:

"In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence (judgment) and that in which the same is invoked, there be the most perfect identity between the things, causes, and the persons of the litigants, and their capacity as such."

The appellant in its brief admits the identity of persons, but maintains "that neither the causes of action set up in the respective complaints in the two suits nor the parcels of land therein claimed are the same."

As to the identity of the land sued for in the two actions, we fully agree with the trial judge. There is involved a parcel of land or lot adjoining that whereon the Catholic Church stands in the center of the town of Bayamón and which is alleged to have been a cemetery. Although in the second suit the boundaries are somewhat changed, the change consists in the introduction of objects, such as the portico of the church, which existed before but were not mentioned. More care and exactness may be noticed in the second description. It mentions the streets in their present condition and a difference in the area may be observed, but notwithstanding these differences, the fact is that the land claimed in one and the other suit is the same land that appears recorded in the registry in the name of the defendant.

Nor did the trial court err, in our judgment, in holding that there existed in this case the perfect identity of causes of action which the statute comtemplates.

The appellant alleges the contrary on the ground that although both actions are actions of ejectment, in the first the right of the plaintiff was based on a certain grant made to it by the Spanish government more than a century ago, while in the second it is based on quiet, peaceful and uninterrupted possession from the year 1772 until the year 1907. The fact is that in the first suit both the grant and the pos-

session were set up and in the second the grant was eliminated. We cannot accept the nice distinction which the appellant undertakes to draw. The cause of action is essentially the same in both suits.

This question of the *res judicata* has been carefully considered by this court and decided in many instances. In *González* v. *Méndez et al.*, 15 P. R. R. 682, the following rule was established and is applicable to this case.

"Where the annulment of a conveyance of the property of her minor daughter is sought by a mother by reason of the fact that she was without judicial authorization to make the conveyance, and in another action the annulment thereof is sought on the ground that the mother did not have the *patria potestas* of her daughter, the object of both actions being to recover an inheritance and annul a deed of conveyance, there exists an identity of actions which goes to constitute *res judicata.*

"The identity of actions necessary to the existence of *res judicata* is present, although the grounds or reasons for the annulment of the conveyance alleged in such actions are different, when the object of such actions is the same. (Judgment of the Supreme Court of Spain, March 14, 1898.)"

In this case there are no new facts which have arisen since the first judgment was rendered. From the outset the plaintiff was in a position to base its action on the exact theory of the second complaint. It had the opportunity which is allowed to all citizens. It had its "day in court." If by mistaking its remedy rather than by a failure of justice it has lost a right, the fault is its own. A repetition of actions can not be permitted in such circumstances. Speaking for the court, Mr. Justice Figueras said in the case above cited:

"This cannot be admitted because a stable and serious state of right could never be established because the party obtaining a final judgment in his favor would find himself involved in litigation as often as different reasons could be found by a fertile imagination, although known when the first action was brought."

See also the decisions of this court in the following cases:
*Quintero* v. *Morales,* 25 P. R. R. 109; *Vega et al.* v. *Rodríguez et al.,* 21 P. R. R. 318; *Hernández* v. *Arán et al.,* 20 P. R. R. 50; *Orama et al.* v. *Oyanguren,* 19 P. R. R. 788; *Ninlliat* v. *Suriñach et al.,* 18 P. R. R. 193; *Calaf et al.,* v. *Calaf,* 17 P. R. R. 185, and that of the Supreme Court of the United States in *Calaf y Fugurul* v. *Calaf y Rivera,* 232 U. S. 371, 374.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.