CONDE, PLAINTIFF AND APPELLEE, *v.* FALÚ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Ejectment.

No. 2304.—Decided December 23, 1921.

EJECTMENT—RES JUDICATA.—When it is finally adjudged in an action of ejectment that the property of 180 acres sought to be recovered by the plaintiff from the defendant is the same property of 100 acres in the possession of the

defendant, nothwithstanding the difference in area and an apparent discrep-
ancy in the boundaries, the same plaintiff can not recover in another action
of ejectment brought thereafter against the same defendant the alleged dif-
ference of 68.21 acres in the area because the action is defeated by the rule
of *res judicata,* for if that action should prosper it would result that the
property of 180 acres and that of 100 acres are different properties, contrary
to what was adjudged in the first action, in which by reason of their very
identity section 1473 of the Spanish Civil Code, equivalent to section 1376
of the Revised Civil Code, was applied.

The facts are stated in the opinion.

*Mr. M. F. Rossy* for the appellant.

*Mr. Manuel M. Ginorio* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an action brought in the District Court of San
Juan, Section 1, by Carlos Conde Casariego, administrator
of the estate of Juana Ramos Latour, against Manuel Falú
Benítez to recover in ejectment a certain rural property with
mesne profits and damages.

By an order of the said court the plaintiff was substi-
tuted by the heirs of Juana Ramos Latour at their instance.

The allegations of the complaint are as follows:

That Francisco Ramos Latour died on December 24, 1906,
leaving a will wherein he designated as his sole and uni-
versal heir his legitimate sister, Juana Ramos Latour.

That Juana Ramos Latour died on October 12, 1911, leav-
ing a will wherein she designated as her heirs Pedro Bazer-
que Ramos, Josefa, Lorenza, Luis and Alejandro Peña Ra-
mos, Vicente Balbás Peña and Luis Peña Miranda.

That when Francisco Ramos Latour died he left, among
other properties, a rural property situated in the ward of
Sabana Llana of the municipality of Río Piedras, near the
San José lagoon, consisting of 180 acres and bounded on
the north by properties of defendant Manuel Falú Benítez
and of Melitón Rivera; on the south by property of Jacinta
Santos; on the east by property of the heirs of Francisco
Caso, and on the west by property of Juan Rubín.

That Francisco Ramos Latour acquired the said property at a forced sale in proceedings for the settlement of the estate of Pedro Rodríguez Castro for the payment of costs and expenses and took possession of the property on August 31, 1894, after which the corresponding deed was executed in his favor on April 16, 1895. The said proceedings had been instituted by the brother and sister of the deceased, María Paulina and José María Candelario Rodríguez Castro, who · accepted the inheritance under benefit of inventory.

That of the said property a parcel of 100 acres was acquired by Luis P. Orcasitas Muñoz and on September 1, 1905, Francisco Ramos Latour brought an action of ejectment to. recover the said 100 acres as a part of the said property of 180 acres, it being decided against him by a final judgment of the Supreme Court of February 6, 1908.

That a survey of the property of 180 acres made for the purpose of segregating the said parcel of 100 acres showed that there remained only 68.21 acres bounded on the north by the property of Mr. Strayer; on the south by properties of the Laguna Fruit Company of Porto Rico and Scoville, Mott & Co.; on the east by property of Manuel Falú, and on the west by properties of Rufino Febre and the Laguna Fruit Company of Porto Rico.

That the property now belonging in part to Scoville, Mott & Co. formerly belonged to Francisco Caso and the segregated parcel of 100 acres now belongs to the Laguna Fruit Company of Porto Rico.

That defendant Manuel Falú maliciously attempted to establish a dominion title to the 68.21 acres by means of a petition of September 24, 1910, wherein he alleged that he had purchased that land on March 15, 1910, from the spouses Higinio Ayende Cruz and Isabel Caraballo who had in turn acquired the rights and interests which the heirs of Pedro José Rodríguez Castro had in a property situated in the ward of Sabana Llana, Río Piedras, bounded on the north

by the chapelry of Rev. Alvaro Rivera; on the south by properties of Juan Falú and Eugenio García; on the east by property of José Suárez, and on the west by property of Jacinta Santos. The said petition was denied.

That the heirs of Pedro José Rodríguez Castro inherited nothing from him, and neither they nor the spouses Ayende-Caraballo, nor defendant Falú had possession of that property or of any part of it.

That the plaintiff and their predecessors are the only owners of the parcel of 68.21 acres remaining from the property which Francisco Ramos Latour acquired in the proceedings for the settlement of the estate of Pedro José Rodríguez Castro, and they have paid and still pay the taxes levied on that property.

That the parcel of 68.21 acres, considering the cultivation which might have been given it and its condition during the time that the defendant has held it in bad faith and without color of title, should have produced at least $6,000, and the property is officially assessed for the payment of taxes at the sum of $8,000.

The complaint concludes with the prayer for a judgment declaring that the property of 68.21 acres belongs exclusively to the plaintiff heirs and ordering that the defendant surrender it to them and pay to the said heirs as mesne profits and damages the sum of $6,000.

The defendant answered the complaint and set up several defenses, among them that of *res judicata*. In support of that plea the defendant alleges that Francisco Ramos Latour, being covetous of the 180 acres sold at auction in the proceedings to settle the estate of Rodríguez Castro, brought an action in the District Court of San Juan for the annulment of three titles recorded in the registry of property which he thought jeopardized his alleged right to the property, as follows: That of Candelaria and Paulina Rodríguez to 100 acres, that of Florencio Berríos to 180 acres and that

to 100 acres which Falú acquired from Candelaria and Paulina by virtue of the forced sale and conveyed to Orcasitas. The said action was dismissed with costs by a judgment of December 11, 1906, declaring that the said property of 180 acres alleged to belong to Ramos is the same property of 100 acres which Falú sold to Orcasitas and which Ramos lost because Falú recorded it in the registry first.

The case was tried and both parties examined oral and documentary evidence, whereupon the court entered judgment on January 30, 1920, declaring that the property of 68.21 acres therein described belongs exclusively to the heirs of Juana Ramos Latour, and ordering defendant Manuel Falú Benítez to surrender the same to the administrator of the estate of Juana Ramos Latour, or his successor, and dismissing the complaint as to the claim for damages, with costs and attorney fees against the defendant.

From that judgment the defendant appealed to this court and, among other grounds of appeal, sets up the plea of *res judicata* as he did in his answer.

In considering the plea of *res judicata* it is necessary to take into account the allegations in the action brought by Francisco Ramos Latour against Luis P. Orcasitas and Pío Prieto Díaz in which Manuel Falú was made a party as warrantor.

In the complaint in that case Francisco Ramos Latour made the following allegations:

"1. That on May 15, 1884, José Manuel Rossy y Guerra, as attorney for José María, Candelaria and María Paulina Rodríguez Castro, instituted proceedings for the settlement of the estate of their brother, Pedro Rodríguez Castro, and José María and Paulina were declared to be his heirs by an order of March 16, 1885.

"2. That on October 14, 1884, possession was taken in that proceeding of a property of 160 acres near the San José lagoon and bounded by properties of Rubín, Caso and Melitón, which on November 20, 1884, was placed in the custody of Manuel Falú.

"3. For the payment of the costs of the said proceeding execu-

tion was levied on July 31, 1890, on the said property of 180 acres bounded on the north by properties of Manuel Falú and Melitón Rivera; on the south by property of Jacinta Fajardo; on the east by property of the heirs of Francisco Caso, and on the west by property of Rubín. The property was placed in the custody of Domingo García Polavieja and later sold at auction to Ramos, who was given lawful possession of it on August 31, 1894, and to whom a deed to it was executed on April 16, 1895.

"4. On May 29, 1884, Florencio Berríos López instituted possessory title proceedings in the court of Río Piedras and recorded in his name at folio 107 of volume 4 of Río Piedras, property No. 108, a property of 180 acres in the ward of Sabana Llana, place known as Laguna, bounded on the east by properties of Melitón and Manuel Falú; on the north by property of the heirs of Juan Rubín; on the west by property of Agustina García Cruz, and on the south by property of Francisco Caso, which he said he had acquired in 1881 from the heirs of Pedro Rodríguez, or Pedro José and José Rodríguez, and which he sold to Pío Prieto Elías by a deed executed before notary Herminio Díaz on March 28, 1901.

"5. Paulina and Candelaria instituted proceedings on June 7, 1887, to establish a possessory title to a property of 100 acres in the ward of Sabana Llana, Río Piedras, bounded on the north by property of the heirs of Juan Rubín; on the south by property of Francisco Caso; on the east by property of Manuel Falú, and on the west by property of Jacinta Santos, which they had inherited from their brother Pedro Rodríguez Castro. The possessory title was approved on August 10, 1889, and was recorded in June of 1890 at folio 244 of volume 79 of Río Piedras, property No. 301.

"6. On August 17, 1891, in an action of debt, Falú moved for execution against Paulina and Candelaria, but not against José María. The writ was issued and on October 23, 1893, execution was levied on the property of 100 acres in Sabana Llana bounded on the north by property of Rubín; on the south by property of Francisco Caso; on the east by property of Falú, and on the west by property of Jacinta Santos, as belonging to Paulina and Candelaria, and on December 21, 1901, it was sold to Falú, who took possession of it on February 6, 1902, and recorded it in the registry.

"7. Falú sold that property to Orcasitas, who recorded it in the registry.

"8. It will be seen, therefore, that the property acquired by Ramos is the same property which Berríos recorded and sold to

Prieto, and is a part of the 100 acres which Candelaria and Paulina recorded in their names and which Falú acquired at the forced sale and sold to Orcasitas.''

Pío Prieto Elías confessed judgment and the action having been prosecuted against Falú, the district court delivered and opinion on December 11, 1906, which concludes as follows:

''For the reasons stated the court holds that the facts and the law are in favor of the plaintiff, Francisco Ramos Latour, as regards his claim against defendant Pío Prieto because of his confession of judgment and consent to the cancelation of the record appearing in the registry of property, but against the plaintiff and in favor of defendant Luis Orcasitas Muñoz, defended by his grantor, Manuel Falú, the said defendant being entitled to judgment dismissing the complaint with respect to him as regards the 100 acres which he has recorded, with his costs and those of his codefendant Falú, and a writ of execution will issue therefor. The clerk will enter judgment in accordance with this decision.''

Judgment was entered in accordance with that decision. In the said opinion, a copy of which was admitted in evidence at the trial, the following finding was made, among others:

''Twelfth. The property of 180 acres which was taken possession of in the intestate proceedings and acquired by Francisco Ramos Latour is the same property whose possessory title was recorded by Florencio Berríos and sold to Pío Prieto, and the same property whose possessory title was recorded by the Rodríguez Castro sisters and which Falú bought at auction and sold to defendant Luis Orcasitas, although in the latter possessory title it is made to appear as having an area of only 100 acres instead of 180, and although the three descriptions differ as to the boundary with the property of Jacinta Fajardo, which in one instance appears to be the property of Agustina García and in another as the property of Jacinta Santos, it having been shown that the former and the latter are the same person, although known by different names, for Agustina García was entrusted by Santos or Fajardo with the care of the adjoining property.'' * * *

The court arrives at, among others, the following conclusions of law:

"First. As heretofore stated, the property conveyed to Ramos Latour, the plaintiff, by virtue of the execution against the estate of Pedro José Rodríguez for the payment of costs, is the same property that is now recorded in the name of Pío Prieto under a possessory title acquired by Florencio Berríos to the same number of acres and also the property recorded in the names of the Rodríguez sisters by virtue of another possessory title proceeding instituted by them as heirs of Pedro José Rodríguez, although it appears in the said proceedings as composed of 100 acres, which property was sold to Manuel Falú at a subsequent forced sale and at present belongs to Luis Orcasitas by title of purchase. Florencio Berríos recorded his possessory title and Pío Prieto recorded the purchase from him. Also the Rodríguez sisters recorded the possessory title to the 100 acres, Manuel Falú recorded the sale made to him and Luis Orcasitas recorded his purchase from Falú. The plaintiff, Francisco Ramos Latour, did not record his title.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"Sixth. Therefore, as Francisco Ramos Latour has no title superior to that of Luis Orcasitas Muñoz, the matter must be governed by section 1473 of the Civil Code, which was in force at the time of the transactions, with respect to cases of double sales to the effect that if a real property should be sold to different persons, it shall belong to the person who first recorded it in the registry. Therefore, Manuel Falú and Luis Orcasitas having recorded the property in their names first, that record is good against the other purchaser of the same property, Francisco Ramos Latour, who has not yet recorded his title."

In disposing of an appeal taken by Francisco Ramos from a judgment of the District Court of San Juan, this court affirmed that judgment by its judgment of February 6, 1908, and we quote the following from the opinion then delivered as pertinent to the present appeal:

"Of course, in this appeal we must disregard everything that concerns Florencio Berríos, the vendor of the property to Pío Prieto Elías, because he acquiesced in the complaint during the course of the proceedings.

"As held by the trial judge, we have before us a case governed by the provisions of section 1473 of the old Civil Code, equivalent to section 1376 of the Revised Code, and now in force in Porto Rico. That is to say, a double sale of real property is here involved with the circumstance that the possession thereof is recorded in favor of a third person.

"In the case of a double sale it is presumed that one person has sold the same thing twice, and here it clearly appears proven that Paulina and Candelaria Rodríguez Castro sold the property in question to Ramos, and that in the name of those same persons, the same property was awarded to Manuel Falú, in executory proceedings prosecuted against them for the recovery of the debt contracted in their favor by Pedro Rodríguez Castro, of whom they, as sisters, were declared to be the heirs.

"We have said that one and the same property is involved, although the one judicially conveyed to Ramos consisted of 180 *cuerdas* and the one awarded to Falú consisted of 100 *cuerdas*, but we are bound to make this affirmation by the complaint itself, and the questions raised in the controversy can not be changed as is done in appellant's brief.

"In the eighth allegation of the complaint, it is averred that the property sold to Ramos is the same one recorded by Florencio Berríos, and which he subsequently sold to Prieto, and that a part of that property belongs to the 100 *cuerdas* recorded by Candelaria and Paulina Rodríguez and which, by successive conveyances, passed into the hands of Falú and Orcasitas."    *    *    *

This court concludes its opinion as follows:

"In conclusion. Article 1473 of the old Civil Code which is equivalent to article 1376 of the Revised Code in force in Porto Rico, in its second paragraph reads:

" 'Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.'

"The judgment hereinbefore quoted from of June 3, 1889, reads:

" 'In the controversy as to the superiority of title to a property between a person whose title is recorded in the registry of property and one who has not been able to secure admission of his title to record, even where the recorded title is one of possession, the former must prevail unless the latter produces a title of ownership which is preferential in character.'

"This is precisely the case. One and the same property was sold to Falú and Ramos. Falú recorded his possessory title in the registry of property and Ramos failed to obtain his record, or has not shown a title of ownership of a preferential character.

"This being so, this appeal must be decided in favor of the respondents and defendants because the Judge of the First Section of the District Court of San Juan correctly applied the law, and, as has been shown in this opinion, did not commit any of the errors alleged by appellant.

"Therefore, the judgment rendered on December 11, 1906, must be affirmed with the costs against the appellant."

Considering the portions we have quoted from the complaint in action No. 413 by Ramos against Orcasitas and Pío Prieto and from opinions of the district court and the Supreme Court in the said case in relation to the allegations of the complaint in this case, we must reach the conclusion that in case No. 413 the district court disposed of the question involved in this case as to whether the land claimed by Ramos belongs to him or to Falú.

The lower court expressly made a finding of fact which is accepted by the Supreme Court that the property sold at auction to Ramos, as having an area of 180 acres and the property conveyed to Falú as having an area of 100 acres are one and the same property, notwithstanding the difference in area and the discrepancy as to some of the boundaries, and this being so, the heirs of Juana Ramos Latour, who are bound by that decision, can not, without infringing the rule of *res judicata,* maintain an action of ejectment to recover the 68.21 acres to which the complaint refers and which are included within the fixed boundaries of the property of 100 acres already adjudged to be the property of Falú, and it can not be held that the judgments of the lower court and of this Supreme Court in case No. 413 should be limited to the 100 acres acquired by Falú at a forced sale, for if that property of 100 acres and the property of 180 acres are the same, as held by both courts, it can not be

maintained that it was their intention to exclude the land now claimed by the plaintiff heirs from the land adjudged to be the property of Falú.

If that claim should prosper it would result that the property of 180 acres and that of 100 acres are different properties, contrary to what was adjudged in the former action, in which, by reason of their very identity, section 1473 of the Spanish Civil Code, equivalent to section 1376 of the Revised Civil Code, was applied.

All of the conditions of *res judicata* are present in this case, considering section 1219 of the Civil Code as construed by this court in the following cases: *Catholic Church* v. *Municipality of Bayamón*, 27 P. R. R. 789; *Quintero* v. *Morales*, 25 P. R. R. 109; *Vega et al.* v. *Rodríguez et al.*, 21 P. R. R. 318; *Hernández* v. *Arán et al.*, 20 P. R. R. 50; *Orama et al.* v. *Oyanguren*, 19 P. R. R. 788; *Ninlliat* v. *Suriñach et al.*, 18 P. R. R. 193; *Calaf et al.* v. *Calaf*, 17 P. R. R. 185, and 232 U. S. 371, 374.

The judgment appealed from must be reversed and another rendered sustaining the plea of *res judicata* set up against the complaint, without special imposition of costs.

*Reversed and substituted.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.