FRANCISCO GASTÓN, Plaintiff and Appellant, *v.* HEIRS OF FRANCISCO MARÍA FRANCESCHI, Defendants and Appellees.

No. 5626. Argued February 5, 1932.—Decided March 31, 1932.

·*Tous Soto & Zapater* and *L. Tormes García* for the heirs of Francisco Gastón. *López de Tord & Zayas Pizarro* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This action was commenced by a complaint filed in the District Court of Ponce on October 15, 1928. The defendants demurred thereto and filed an answer in which they denied the allegation that the plaintiff was an acknowledged natural son of their ancestor and specifically alleged the falsity of the instrument whereby, as claimed by the plaintiff, he was acknowledged.

Before the preliminary questions raised by the defendants had been determined, the plaintiff filed an amended complaint. The defendants objected to such filing and the court decided the question in favor of the plaintiff. The defendants then interposed a demurrer to the amended complaint which was sustained. The plaintiff moved that final judgment be entered. The court granted this motion and the judgment was entered on January 12, 1931. Thereupon the present appeal was taken.

The plaintiff and appellant, Francisco Gastón, died on December 2, 1931, while the appeal was pending, and the appellees filed a motion in this Court setting up the abatement of the action. The parties argued the motion on the same day that the appeal was heard on the merits, that is, on January 20, 1932. The plaintiff's heirs appeared in opposition to the abatement and prayed to be substituted in the place of their ancestor.

The defendants and appellees contend that as the action prosecuted is one of filiation which is of a very personal nature, it was abated upon the death of the plaintiff and can not be continued by his heirs. In support of their contention they cite section 69 of the Code of Civil Procedure, section 608 of the Civil Code, several adjudicated cases, and an opinion of some text writers.

Section 69 which is invoked establishes the general rule that an action or proceeding is not abated by the death or disability of a party provided the cause of action survives or continues.

Section 608 of the Civil Code of Puerto Rico (1930 ed.) prescribes that the inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death.

The citations from the cases and from the text writers relied on are to the same effect.

All such citations are relevant, but none of them specifically decides the question raised.

In reference to the legitimate children, section 118 of the former Civil Code provided as follows:

"Sec. 118. The action to claim its legitimacy may be brought by the child at any time of its life and shall be transmitted to its heirs, should it die during minority or in a state of insanity. In such cases the heirs shall be allowed a period of five years in which to institute the action.

"The action already instituted by the child is transmitted by its death to the heirs, if it has not lapsed before then."

In 1902 the Legislature of Puerto Rico substituted, for the above section 118, section 199 of the Revised Civil Code which reads as follows:

"Section 199.—An action to claim filiation may be filed at any time within two years after the child shall become of age, and it shall be transmitted to his heirs, if he should die during his minority, or in a state of lunacy. In these cases heirs shall have five years during which to enter an action."

In 1911, by section 4 of Act No. 73, the Legislature of Puerto Rico expressly repealed the above-quoted section 199 of the Revised Civil Code.

Consequently, there is at present no legal provision in force in Puerto Rico specifically regulating this matter.

That being so, we must resort to equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration. Section 7 of the Civil Code of Puerto Rico.

In commenting on section 137 of the former Civil Code which has again become the law in Puerto Rico since 1911—section 126 of the Civil Code of Puerto Rico (1930 ed.)—the *Enciclopedia Jurídica Española* says:

"It does not specifically state who is entitled to bring this action, although subdivision 1 seems to confer that right on the child, as if he were the only person interested in securing a particular filiation.

"Does the action abate or, on the contrary, does it pass to his heirs or successors in interest after his death? The opinions vary. Some think that an affirmative answer to the first question is implied in the text of the statute, while others hold the contrary view as they consider that the heirs and successors have an interest, pecuniary at least, in the exercise of such action, that is, that since they contest the acknowledgment they may likewise seek to secure it, provided the action is brought before the expiration of the period stated.

"However, the tendency of the foreign jurisprudence is towards holding that the said investigation can not be made, save in the in-

terest of the child and constitutes an exclusive right pertaining to him and, therefore, that such right is not transferable after his death to his descendants or other heirs, and, of course, still less, to his creditors.

"What about the case where the death of the child occurs after the action has been commenced? It seems that once the suit is begun said persons can continue the action, if they so choose, or dismiss the same in accordance with the law, upon being notified of its pendency."

There is no doubt that the action of filiation is a personal one and that there is such a maxim as, *Actio personalis moritur cum persona.* However, in *P. R. Ry. Lt. & P. Co.* v. *District Court,* 38 P.R.R. 305, we already had occasion to cite abundant jurisprudence to the effect that this maxim is completely discarded at present and that no judge or law writer has risen to defend it for 200 years past; and we held that:

"The right to claim damages for injuries caused to a person by the fault or negligence of another, once the claim has been filed and the issue joined, is not a very personal one which dies with the claimant. His heirs may be substituted in the action as continuers of his personality."

This is the rule that must prevail in the present case. The son had a right of action and he exercised the same. If successful in the action, by virtue thereof he acquired a status—that of an acknowledged natural son with the right to bear the surname of the parent acknowledging him and to receive the hereditary portion prescribed by law (section 127 of the Civil Code of Puerto Rico, 1930 ed.)—which inured to the benefit of his heirs. That being so, the latter are entitled to continue the action within the general rule contained in section 69 of the Code of Civil Procedure.

Of course, whether all that we have said can be actually realized depends in this particular case upon the question of prescription which we shall presently consider and determine.

The plaintiff in his amended complaint alleged, in short, that Francisco María Franceschi died in Ponce, P. R., on September 30, 1927, leaving an open will; that he was a widower and did not leave any legitimate descendants or ascendants; that he appointed as his sole and universal heirs several collateral relatives who are mentioned by name and who took possession of the estate and have been receiving its fruits since the death of the testator; that the plaintiff was not omitted as heir in the said will, although he only received the legacy of several houses and lots which are described and of a certain sum of money;

"7.—That Francisco María Franceschi explicitly acknowledged the plaintiff as his natural son in an undisputable authentic document which to the best of our information and belief is as follows:

" 'DECLARATION. In the city of Ponce and on the 11th day of March, 1890, I, Francisco María Franceschi, do hereby solemnly declare that while a bachelor I had a love affair and lived with Constanza Gastón, a negro woman, and had a son by her whose name is Francisco and is commonly known as Gastón.

" 'I do hereby declare that Francisco Gastón is my son and acknowledge him as such in fulfillment of my promise to Constanza at her deathbed.

" 'Before God, before my conscience and before the world I admit this fact, as everybody knows that he is my son and I hold him as such.

" 'I make this acknowledgment in good faith, urged by my conscience and upon the advice of my friend Antonio Luchetti; but since my wife Margarita tenaciously objects to it because the same might prejudice any children that I might have by her, I can not make this acknowledgment in a public deed.

" 'However, should there be no issue of our marriage, I beg anyone who might come across this instrument after my death to present the same to a notary public, or to the Judge of First Instance of Ponce, or to my son Gastón in person, to be used by him as he may deem best.

" 'I also say that the only thing that precludes me from acknowledging as my son before a notary is the objection of my wife; but I do so by means of this declaration and it is my wish that the same shall have the same force and effect as a public instrument. Signed and paraphed. F. M. Franceschi, Witness.' "

"9.—That the plaintiff became aware of the existence of the said document through public rumors six months after the death of his father, Francisco María Franceschi, and that it has been only fifteen days since he secured a copy of the same which he considers upon information and belief to be a true and faithful copy, and that at the time of the filing of the original complaint six months had not elapsed from the time the plaintiff had had information regarding the said document.

"10.—That the plaintiff was conceived while his mother Constanza Gastón and Francisco María Franceschi lived in concubinage, and was born in Ponce, Puerto Rico, on October 4, 1868, during the existence of such concubinage, and that at that time as well as at the time of the conception of the plaintiff, his parents were unmarried and there was no other legal impediment to their contracting marriage.

"11.—That the plaintiff was privately and publicly acknowledged by his natural father Francisco María Franceschi as such son ever since his birth and that since before 1899 the plaintiff had the status of an acknowledged natural child of Francisco María Franceschi and has been in uninterrupted possession of such status of a natural child, his father having always treated him as such child and called him his child, supporting him and supplying all his needs.

"12.—That irrespective of the acknowledgment set forth in the seventh paragraph hereof, the plaintiff was acknowledged during the lifetime of his father, Francisco María Franceschi in a public document executed before a notary, according to the information and belief of the plaintiff, who has not yet been able to locate the said instrument."

The above complaint was demurred to on the following grounds:

"First.—That the complaint filed in the present case fails to state facts sufficient to constitute a cause of action.

"Second.—That the defendants demur to the amended complaint in the present case as being insufficient, in that the action of filiation is barred.

"Ground: Because any action that the plaintiff might have had in the present case has prescribed by reason of the expiration of the statutory period for bringing said action. According to the complaint the plaintiff was born on October 4, 1868, and the original complaint in the present case was filed on October 15, 1928. Under

sections 198, 199 and 1840 of the Revised Civil Code of Puerto Rico which went into effect on July 1, 1902, and section 194 of the said Code as amended by the Act of March 9, 1911, and the corresponding provisions of the former (Spansih) Civil Code in sections 137 and 1939, which went into effect on July 31, 1899, in conformity with rule 4 of the transitory provisions for the application of both Codes, the former (Spanish) and the Revised Code, any action that might have accrued to the plaintiff, Francisco Gastón, in the present case has prescribed, and such prescription appears on the face of the complaint, in accordance with the holding of the Supreme Court of Puerto Rico in several cases and especially in a typical case which is identical with the case at bar, namely, *Figueroa* v. *Díaz et al.,* 20 P.R.R. 270; see also 31 P.R.R. 691.''

As already stated by us, the court sustained the demurrer and then, on motion of the plaintiff himself, entered judgment dismissing the action.

The parties have discussed at length the question of whether or not this is an action of filiation. To our judgment, no matter how skillfully the plaintiff may present his case he can not but admit that there is involved herein an action of filiation whereby it is sought to establish the acknowledgment, in an authentic form, of a natural child who was not thus acknowledged.

The allegation that the plaintiff had been acknowledged in a public instrument—that is, in an authentic manner—, which we have transcribed just as the same appears in the complaint, is so vaguely phrased that it becomes impossible to consider the same by itself as of sufficient weight to completely change the character of the suit. Of course, if the party concerned finds the instrument to which he refers, he can immediately enforce his rights without difficulty.

Within the scope of said action of filiation (acknowledgment of a natural child) the appellant has ably argued against the jurisprudence of this Court on the prescription of this kind of actions, established long ago in a long series of decisions, some of which have been affirmed by the Supreme Court of the United States. *Caláf* v. *Caláf,* 232 U. S. 371; *Córdova* v. *Folgueras,* 227 U. S. 375.

This jurisprudence was established as the result of a careful consideration not only of the law and the cases applicable thereto but of the very conditions of the country after the substitution of the American for the Spanish sovereignty, and we fail to see any valid reason for changing it at the present time. (*Resto* v. *Silva et al.*, 38 P.R.R. 299; *Guadalupe* v. *González*, 34 P.R.R. 643; *Vázquez et al* v. *Rucabado et al.*, 33 P.R.R. 424; *Ciuró* v. *Ciuró et al.*, 31 P.R.R. 691; *Ramírez et al.* v. *Ramírez et al.*, 30 P.R.R. 574; *López* v. *López et al.*, 23 P.R.R. 766; *Castro et al.* v. *Solís et al.*, 23 P.R.R. 478; *Orta* v. *Arzuaga et al.*, 23 P.R.R. 241; *Figueroa* v. *Díaz et al.*, 20 P.R.R. 270; *Jesús* v. *Succession of Pérez Villamil*, 19 P.R.R. 850; *Castro* v. *Solís et al.*, 19 P.R.R. 645; *Rosado* v. *Succession of Matta*, 19 P.R.R. 291; *Santiago* v. *Succession of Matta*, 19 P.R.R. 159; *Osorio* v. *Succession of Pérez*, 18 P.R.R. 896; *Roble* v. *Succession of Pérez*, 18 P.R.R. 894; *Questel* v. *Conde et al.*, 18 P.R.R. 727; *Jesús* v. *Succession of Pérez Villamil*, 18 P.R.R. 392; *Calaf et al.* v. *Calaf*, 17 P.R.R. 185; *Rijos* v. *Folgueras et al.*, 16 P.R.R. 593; *Escobar* v. *Escobar et al.*, 16 P.R.R. 555; *Puente et al.* v. *Armsterdam et al.*, 16 P.R.R. 527; *Gual et al.* v. *Bonafoux et al.* 15 P.R.R. 545.) The present case can not indeed be distinguished from that of *Ciuró* v. *Ciuró et al.*, 31 P.R.R. 691.

It might perhaps be advisable to add that even if Act No. 73 of 1911 were applicable, that is, section 126 of the Civil Code of Puerto Rico (1930 ed.), it would at least be doubtful whether the plaintiff could have availed himself of the provisions thereof, in view of the time elapsed since the finding of the instrument.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison concurs in the overruling of the objection based on the abatement of the action but not in the dismissal of the case. In his opinion the judgment appealed from should be reversed.