UNITED STATES ex rel. WOODS v. MAYER et al.

No. 20753.

District Court, W. D. Washington, N. D.
July 12, 1933.

McClure & McClure, of Seattle, Wash., for plaintiff.

Grinstead, Laube, Laughlin & Meakim, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).

The order of the referee upon the report of the trustee to the exceptions thereto is clearly a proceeding within the provisions of the Bankruptcy Law, and, unless reversed by

the bankruptcy court and modified, as provided by General Order No. 27 (11 USCA § 53), became final and the law of the case. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; In re Petersen (D. C.) 252 F. 846. Section 38, Bankruptcy Act (11 USCA § 66). And such order is res judicata as against collateral attack. An adequate remedy on hearing of report before the referee was available, the parties were advised of the hearing, and were present, and failure to present the same, as now contended for, was concluded. American Surety Co. v. Baldwin, 287 U. S. 156, 53 S. Ct. 98, 77 L. Ed. 231; The Norco (D. C.) 1 F. Supp. 932. See, also, Calaf v. Calaf, 232 U. S. 371, 374, 34 S. Ct. 411, 58 L. Ed. 642; Detroit & Mackinac Railway Co. v. Michigan Railroad Comm., 235 U. S. 402, 406, 35 S. Ct. 126, 59 L. Ed. 288.

Judgment must follow for the plaintiff trustee.