# DETROIT AND MACKINAC RAILWAY COMPANY *v.* MICHIGAN RAILROAD COMMISSION.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 209.   Argued December 2, 1914.—Decided December 14, 1914.

As the constitution of Michigan separates legislative, executive and judicial powers and plainly forbids giving the judicial department legislative powers, this court will not, in the absence of a decision to that effect by the state court, believe that the legislature, in establishing a railroad commission and granting power of review to the courts, intended to clothe them with power to act in a legislative capacity. *Atlantic Coast Line* v. *Prentis*, 211 U. S. 210, distinguished.

Under the Michigan Railroad Commission Act, as construed in the light of the provisions of the constitution of that State, the function of the Supreme Court of the State in reviewing an order of the Commission fixing rates is judicial and not legislative; and its final order or decree sustaining a rate established by the Commission as not con-

fiscatory is *res judicata* and can be so pleaded in another action in the Federal court to prevent the Commission from enforcing such rates.

Where the state court, in construing a statute of the State, has held that the establishment of rules regulating public utility corporations is a legislative function, this court, in the absence of a clear decision of the state court to the contrary, assumes that the same principle applies also to rates. *Michigan Telephone Co.* v. *St. Joseph,* 121 Michigan, 502, followed.

In any ordinary, even though judicial, proceeding a party is bound to present his whole case to the court. *Calaf* v. *Calaf,* 232 U. S. 371.

Whether the railroad commission of Michigan did or did not exceed its jurisdiction in making orders establishing rates, the Supreme Court of the State had jurisdiction, and one seeking to review the orders is bound by the decree of that court.

203 Fed. Rep. 864, affirmed.

THE facts, which involve the construction of the Michigan Railroad Commission Act and the effect of a decree of the Supreme Court of the State sustaining orders of the Commission, are stated in the opinion.

*Mr. Fred A. Baker,* with whom *Mr. James McNamara* was on the brief, for appellant.

*Mr. Edward S. Clark,* with whom *Mr. Grant Fellows,* Attorney General of the State of Michigan, was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the appellant, alleging its railroad to be wholly within the State of Michigan and subject to the jurisdiction of the Michigan Railroad Commission, to prevent the enforcement of two orders of the Commission, respectively reducing certain rates and fixing minimum rates for the transportation of logs. The contention is that the orders take the appellant's property without due process of law, contrary to the Fourteenth

Amendment. The bill alleges that after the passing of the orders the appellant brought a bill in the state court upon the same ground among others; that the testimony before the Commission was introduced with other additional evidence; that, as provided by the Michigan statutes, this further evidence was transmitted to the Commission, which did not modify its orders, and that thereafter the orders were sustained and the bill dismissed by the state Circuit Court, and on appeal by the Supreme Court of Michigan. 171 Michigan, 335. An application for a preliminary injunction in the present cause was heard by three Judges, as required by the Judicial Code of March 3, 1911, c. 231, 36 Stat. 1087, § 266, and on their denying the writ an appeal was taken to this court. The decision below is reported in 203 Fed. Rep. 864.

The ground of the decision below was that the petitioner was concluded by the judgment of the Michigan court; and, of course, if the matter properly can be said to be *res judicata*, there is an end of the case. The argument against its being so is drawn from *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210; but the applicability of that decision depends upon whether the state courts, in the hearings before them, were acting in a legislative capacity or simply were fulfilling their ordinary function as courts. In Virginia the state constitution itself provided for an appeal from an order by the Commission to the Supreme Court of Appeals and gave that body power to substitute such order as in its opinion the Commission should have made. 211 U. S. 224. It is with regard to an order upon such a preliminary appeal that it is said that even though issuing from a court it would not be a judicial act or effect an adjudication, conclusive if questioned later in a suit. 211 U. S. 226, 227. But the constitution of Michigan, Art. II, separates legislative, executive and judicial powers, and so plainly forbids conferring those given by the Virginia constitution to the Virginia Supreme Court of

Appeals, that in the absence of a clear decision by the state court we should not believe that the· legislature attempted to grant or could grant such powers to the courts of Michigan.

The Michigan Statutes though they may not have a perfectly clear vision of the distinctions developed in *Prentis* v. *Atlantic Coast Line,* do not attempt to transgress the limits that the Constitution lays down. The important provisions are that any common carrier or other. party in interest dissatisfied with the orders of the Commission may bring a suit in the state Circuit Court in Chancery to set aside the order on the ground that the rates fixed are unreasonable, and the court is given power "to affirm, vacate or set aside the order . . . in whole or in part, and to make such other order or decree as the courts shall decide to be in accordance with the facts and the law." If different or ·additional evidence is introduced, the court before judgment is to transmit a copy of it to the Commission and the Commission may alter or rescind its order and is to report its action to the court, and the judgment is to be rendered as though the last action of the Commission had been taken at first. Public Acts, 1909, No. 300, § 26. Taking the two provisions together it seems plain that the words 'such other order or decree' in the first do not embrace a change in the rates fixed but only such other orders or decrees as are incident to an equity cause. If the order of the Commission is ·to be modified by fixing a new rate that is to be done upon the new evidence by the Commission. This interpretation not only is the natural one upon the face of the statute but avoids the difficulty that otherwise would arise under the constitution of the State. It is true that the Supreme Court in the case cited said that 'the duty of the courts in the premises is not essentially different from that of the Commission,' 171 Michigan, 346, but we agree with the District Court of three Judges that this must be taken to

mean only that it is the same in respect of the inquiry whether the rate is confiscatory or not. That the establishment of rules is a legislative function is recognized in *Michigan Telephone Co.* v. *St. Joseph*, 121 Michigan, 502, 506, and in the absence of a clear decision to the contrary we shall assume that the principle applies to rates.

The distinction between the judicial function of declaring a rate unreasonable and the legislative one of establishing a rate as reasonable is developed in *Louisville & Nashville R. R.* v. *Garrett*, 231 U. S. 298; *San Diego Land & Town Co.* v. *Jasper*, 189 U. S. 439, 440; *Janvrin, Petitioner*, 174 Massachusetts, 514. And in *Bacon* v. *Rutland R. R. Co.*, 232 U. S. 134, it was held that statutory provisions very like those of Michigan, under a constitution that in like manner separated legislative, executive and judicial powers, gave only the last to the courts. Of course, when once it is established that the bill in the state court was an ordinary though statutory judicial proceeding, we must assume that the plaintiff was bound to present its whole case. *Calaf* v. *Calaf*, 232 U. S. 371, 374. Whether the Commission exceeded its jurisdiction or not, as it purported to make orders the Michigan court had jurisdiction and the appellant is bound by its decree.

*Decree affirmed.*