NAPA VALLEY ELECTRIC CO. v. RAILROAD COMMISSION OF CALI-
FORNIA et al.

(District Court, N. D. California, Second Division.   March 31, 1919.)

No. 396.

1. PUBLIC SERVICE COMMISSIONS ⬥⟞32—REVIEW OF ACTS—NATURE.
   Public Utilities Act Cal. § 67, authorizing the state Supreme Court to
   determine whether the Railroad Commission had regularly exercised its
   authority or violated constitutional rights, contemplates a strictly judi-
   cial review.

2. PUBLIC SERVICE COMMISSIONS ⬥⟞27—REVIEW—CHOICE OF COURTS.
   Where a railroad petitioned the commission for rehearing, but the mo-
   tion was denied, it may either apply to the state Supreme Court for a
   judicial review of the decision under Public Utilities Act Cal. § 67, or in-
   voke the jurisdiction of the proper federal District Court.

3. JUDGMENT ⬥⟞828(1)—RES JUDICATA—JUDGMENT OF STATE COURT.
   Where railroad's petition to the state Supreme Court for a writ of review,
   upon the ground that the Railroad Commission's order deprived it of con-
   stitutional rights, was denied without opinion, the matter was rendered
   res judicata, so as to preclude a subsequent injunction suit against the
   commission in a federal District Court.

In Equity.   Suit for injunction by the Napa Valley Electric Com-
pany against the Railroad Commission of California.   Bill dismissed.

U'Ren & Beard, of San Francisco, Cal., for plaintiff.
Douglas Brookman, of San Francisco, Cal., for defendants.

VAN FLEET, District Judge.   The plaintiff, a public service cor-
poration furnishing electric energy for power and other purposes,
seeks to enjoin the enforcement of certain orders of the defendant
commission regulating rates to be charged for its service as being
in violation of its rights under the contract clause of the Constitu-
tion of the United States (article 1, § 10, cl. 1), and the Fourteenth
Amendment thereto.

Defendants have moved to dismiss the bill on the ground, among
others, that it appears from its averments that the controversy stated
is res judicata, and I am of opinion that the motion must prevail.   It
appears from the bill that after the rendition of the orders in ques-
tion plaintiff filed with the defendant board a petition for a rehearing
of the controversy, which petition was upon consideration denied; and
it is alleged:

"That thereafter, and on the 20th day of June, 1917, your orator duly filed
in the Supreme Court of the state of California its petition for a writ of re-
view, asking and praying that a writ of review issue out of said court, com-
manding said Railroad Commission to certify to said court, on a day named in
said writ, a full and complete record of all the proceedings leading up to the
making of said order and decision dated May 21, 1914, together with said
order and decision and your orator's application for a rehearing thereof, and
also a full and complete record of all the proceedings leading up to the making
of said order and decision dated November 15, 1916, together with said order
and decision and orator's application for a rehearing thereof, and that upon
the return of said writ, said orders and decisions of the said Railroad Com-

mission be reversed and vacated and annulled, upon the ground that said orders and decisions violate the rights of your orator under the Constitution of the United States, and more particularly its rights under section 10 of article 1 thereof, and under section 1 of article 14 of the Amendments thereto; that the said Supreme Court of the state of California denied your orator's said petition for a writ of review, and refused to issue a writ of review, as prayed for in said petition."

[1-3] This application was made within the time prescribed by and in pursuance of section 67 of the Public Utilities Act (Stat. Cal. Extra Session 1911, pp. 18, 55), which gives the right to a party deeming himself aggrieved to apply to the Supreme Court of the state, within 30 days after the decision by the commission on a petition for rehearing, to have—

"the lawfulness of the original order or decision or the order or decision on rehearing inquired into and determined"; that such review "shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of the state of California"; and that upon the hearing "the Supreme Court shall enter judgment either affirming or setting aside the order or decision of the commission."

As the terms of the statute clearly import, the review there contemplated is strictly a judicial one, before the court sitting in its capacity as a judicial tribunal, limited to a consideration of the purely legal aspects and propriety of the act of the commission under review, and not, as in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150, as a part of the rate-fixing power of the State. Detroit & Mackinac R. Co. v. Michigan Railroad Commission, 235 U. S. 402, 35 Sup. Ct. 126, 59 L. Ed. 288; Palermo Land & Water Co. v. Railroad Commission of California et al. (D. C.) 227 Fed. 708.

Under this statute, when plaintiff's petition for rehearing was denied, the legislative history of the orders complained of was complete; the final step to make them effective having been taken. The question of their validity then became a justiciable one, and plaintiff could at once proceed to test that question in the courts. Palermo Land & Water Co. v. Railroad Commission, supra. For that purpose plaintiff was at liberty to proceed either in the state court, as it did, or in this court, since the state statute, even if so intended, could not restrict or abridge its right to invoke the jurisdiction of the latter court in any case falling within its jurisdiction. It chose to present its case to the state court, and, as we have seen, upon the same questions of right as those presented here. That court was in all respects as competent and as much under obligation to protect those rights, constitutional or otherwise, as this court, and it will, of course, be presumed that it kept that obligation in view in passing upon plaintiff's application.

In this state of the case I am unable to perceive how the objection that the action of the state court is conclusive of the controversy, and that plaintiff is now precluded from bringing the same grievance here, may be avoided. It has had its day in court. Detroit & Mackinac R. Co. v. Michigan Railroad Commission, supra. While it might

have sought a review of the decision of the state court at the hands of the Supreme Court of the United States by appropriate proceedings under section 237 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1156 [Comp. St. § 1214])—Williams v. Bruffy, 102 U. S. 248, 255, 26 L. Ed. 135—it did not see fit to do so, and it cannot now be heard to litigate the controversy anew in this court. The ruling in the Michigan case would seem to be conclusive on this point. And on the question of the functions of the state court the present case would appear to fall more clearly within the rule there announced than the case there presented, by reason of the less explicit language of the Michigan statute, leaving the question seriously open to construction. Here the explicit limitations found in the California act as to the purpose and extent of the review by the state court leave no possible room for construction.

The contention by plaintiff that the ruling of the state court is not a proper predicate for invoking the doctrine of res judicata, in that it is not a judgment "on the merits," but purely a negative determination or refusal to assume jurisdiction, is unsound. We are bound to assume, if we accept the averments of the bill, that the petition put that court in full and complete possession of all the facts upon which it relies here (Detroit & Mackinac R. Co. v. Michigan Railroad Commission); and, that being true, the denial of the petition was necessarily a final judicial determination (Williams v. Bruffy, supra), based on the identical rights asserted in this court, and it was between the same parties. Such a determination is as effectual as an estoppel as would have been a formal judgment upon issues of fact. Calaf v. Calaf, 232 U. S. 371, 34 Sup. Ct. 411, 58 L. Ed. 642; Hart Steel Co. et al. v. Railroad Supply Co., 244 U. S. 294, 299, 37 Sup. Ct. 506, 61 L. Ed. 1148. Nor is it material that the reasons for the conclusion reached by the court are not given. We are not concerned with the reasoning, but only with the judgment, and it must be assumed in support of the latter that upon the facts presented to it the state court upon due consideration reached the conclusion that plaintiff's rights had not been violated. Hart Steel Co. et al. v. Railroad Supply Co. and Williams v. Bruffy, supra.

Lastly, it is an unwarranted assumption that the doctrine invoked is one of a highly technical character, to be reluctantly enforced. As stated in the Hart Steel Case:

"This doctrine of res judicata is not a mere matter of practice or procedure, inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts, to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect. Kessler v. Eldred, supra [206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065]."

It results that the bill must be dismissed; and it is so ordered.