**OKLAHOMA GAS & ELECTRIC CO. et al. v. WILSON & CO., INC., OF OKLAHOMA et al.**

No. 487.

Circuit Court of Appeals, Tenth Circuit.

Dec. 21, 1931.

Robert M. Rainey and Streeter B. Flynn, both of Oklahoma City, Okl. (Allen, Underwood & Canterbury, of Tulsa, Okl., and Ames, Cochran, Ames & Monnet, of Oklahoma City, Okl., on the brief), for appellants.

James D. Cooney, of Chicago, Ill., and C. D. Bennett, of Oklahoma City, Okl., for appellees.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

This suit was brought by the Oklahoma Gas & Electric Company, and the Oklahoma Natural Gas Company, joined by its directors, because dissolved, and by its successor, the Oklahoma Natural Gas Corporation, against Wilson & Co. and the corporation commission and the Attorney General of Oklahoma, for a decree enjoining the enforcement of an order of the commission, which was affirmed on appeal by the Supreme Court of the state. Oklahoma Gas & Elec. Co. et al. v. Wilson & Co., 146 Okl. 272, 288 P. 316.

The Attorney General of the state appeared for the commission and moved to dismiss plaintiffs' amended bill on the grounds that there was a final adjudication upon the validity of the order by the state Supreme Court, the bill is wanting in equity, and the suit is barred by the Eleventh Amendment to the Federal Constitution. Wilson & Co. moved to dismiss the bill on the first two of those grounds.

The District Judge expressed his views upon the motions in a formal opinion, concluding that the decision of the state Supreme Court was such adjudication, and on that ground dismissed the bill. The plaintiffs appeal and assign that holding as error, contending that the decision of the state Supreme Court was but legislative in character and the controversy is open to judicial determination in the federal court.

The proceeding which led to the order of the commission was commenced by complaint of Wilson & Co. against the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company. After a hearing, the commission rendered a decision, in which the facts were found and an opinion expressed, as the basis for the order. We first notice the essential findings on which the commission took this action. The Oklahoma Natural Gas Company is a producer and purchaser of natural gas throughout the state, and delivers it to various cities, including Oklahoma City, at city gates, where it is received and distributed to consumers by local companies. A city gate rate had been fixed by the commission on June 25, 1921 (order 1886, cause No. 4023), of 35 cents for the first 100,000 cubic feet and 15 cents per thousand for all in excess, when the consumption was of 15,000,000 cubic feet per month. Wilson & Co. conducts a meat packing plant outside of the city, but within the city gate. The Oklahoma Gas & Electric Company owns a pipe line from the city gate

to that plant, a distance of 1,792 feet. It takes the gas from the Oklahoma Natural Gas Company at the city gate rate and delivers it to the plant at a profit of approximately 5 cents per thousand cubic feet. Wilson & Co. consumes more than 15,000,000 cubic feet per month. The Oklahoma Natural Gas Company was serving gas to all consumers similarly situated with Wilson & Co., at said city gate rate, and it had agreed to supply gas to consumers adjacent to Oklahoma City theretofore served by it.

The commission ruled that the Oklahoma Natural Gas Company was obligated to supply Wilson & Co. with gas as supplied to other like institutions located along its pipe line outside of incorporated cities, upon the same terms and conditions. The order was that the Oklahoma Natural Gas Company supply Wilson & Co. natural gas at the said city gate rate, subject to the condition that Wilson & Co. purchase the service line leading to its plant, or install its own line thereto with the necessary measuring devices and facilities, and without expense to the Oklahoma Natural Gas Company.

In their amended bill, the plaintiffs, in substance, allege the order of the commission to be invalid in requiring the Oklahoma Natural Gas Company to supply natural gas as a fuel to Wilson & Co. at a rate found to be the same as that for which it supplied gas to other consumers similarly situated with Wilson & Co., when the Oklahoma Natural Gas Company had never undertaken or proposed to furnish gas to such industrial or other consumers, and the order will take their private property for public use without just compensation, and contravenes the due process and equal protection clauses of the Constitution of the United States. It is also alleged that disobedience of the order will subject plaintiffs to severe fines and penalties to their irreparable damage, and they have no adequate remedy at law.

The bill pleads a cause of action against an order based on the duty of a public utility to render service without discrimination. 51 C. J. p. 7. But, as stated, it was asserted in support of the motions that there was a former adjudication upon the subject by the Supreme Court of the state. If the order of the commission was legislative and it was affirmed in the same capacity, then the District Court erred in this case in dismissing the bill on the ground there was such adjudication. The controversy turns mainly upon an inquiry into the true character of the decision of the state court.

The distinction between legislative and judicial proceedings was clearly defined in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 69, 53 L. Ed. 150, as follows: "A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. * * * Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power."

A commission in prescribing rates and regulations for public utilities, acts only within the powers delegated to it by the State Constitution. They are legislative powers as distinguished from those that are judicial. Louisville & N. R. Co. v. Garrett, 231 U. S. 298, 34 S. Ct. 48, 58 L. Ed. 229; Detroit & Mackinac R. Co. v. Michigan R. Commission, 235 U. S. 402, 35 S. Ct. 126, 59 L. Ed. 288; Keller v. Potomac Electric Power Co., 261 U. S. 428, 43 S. Ct. 445, 67 L. Ed. 731. The order in question was necessarily and in terms legislative, for it put in force a new rule for the future. It was wholly prospective in operation, in fixing the rate to be charged for gas for the use of Wilson & Co., and in annexing conditions to be performed by that company. True the commission found preexisting facts, but that was only as a basis for its command which was to be effective thereafter.

It is argued that, as there was only the imposition of a charge as made to like persons, this was not a rate case. Rate schedules are based on facts shown as to their remunerative operation, and past experience is a factor. Here the fact found was the previous charge to others, and this was held to constitute the proper charge in this case. In both cases, the charge is based on a public duty. A rate was imposed upon appellant, where there was none before, for the particular service. But it was a rate effective only in the future. This was legislation and not adjudication.

It is also clear from the State Constitution that in affirming the order the Supreme Court acted only in the exercise of a legislative function. Article 9, §§ 20 to 24. That court has so decided with reference to both regulations and rates. Atchison, T. & S. F. R. Co. v. State, 23 Okl. 510, 101 P. 262; Chicago, R. I. & P. R. Co. v State, 24 Okl. 370, 103 P. 617, 24 L. R. A. (N. S.) 393; Atchison, T. & S. F. R. Co. v. Miller, 28 Okl. 109, 114 P. 1104; Pioneer T. & T. Co. v. City of Bartlesville, 40 Okl. 583, 139 P. 694, 696. In

the last of these cases, a state district court had enjoined an increase of rates by the telephone company. In reversing the order, the court said: "On appeal from the Corporation Commission, the Supreme Court may review an order of the commission prescribing a schedule of rates or charges, to ascertain the reasonableness and justness thereof, and, if found to be unreasonable and unjust, may prescribe a schedule of rates to be in force in lieu of the rates prescribed by the commission. Section 23, art. 9, Const. In the exercise of this power on appeal, it has been declared that the court sits as a legislative body, and exercises a legislative function. A., T. & S. F. Ry. Co. v. State et al., supra; Prentis et al. v. Atl. Coast Line Co., supra."

The foregoing is an interpretation put upon the state law, which is binding upon the federal courts. Supreme Lodge, Knights of Pythias v. Meyer, 265 U. S. 30, 44 S. Ct. 432, 68 L. Ed. 885; Merchants' & Manufacturers' Nat. Bank v. Pennsylvania, 167 U. S. 461, 17 S. Ct. 829, 42 L. Ed. 236. In the Prentis Case, the Supreme Court had held the decision of the state Supreme Court on appeal from the commission in a rate case to be legislative in character. In Oklahoma Natural Gas Co. v. Russell, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659, it was also said: "The Constitution of Oklahoma, admitted to be like that of Virginia dealt with in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150, gives an appeal to the Supreme Court of the State, acting in a legislative capacity as explained in the case cited, with power to substitute a different order and to grant a supersedeas in the meantime."

The District Court was thus bound to hold that by the decision of the state court there was not an adjudication upon the order of the commission, but instead only an affirmance of it with legislative force. It was error to dismiss the bill on the theory that such adjudication had occurred.

The bill is also challenged by appellees as insufficient to justify relief, because the order is directed against the Oklahoma Natural Gas Company and does not apply to its successor. The bill alleges and the motions admit the successor was substituted as a party in the state Supreme Court. The only purpose was to render the order applicable to the successor, and it certainly had that force. We think the order would apply without the substitution. The objection to the bill is therefore not well taken. If the appellees should confess on the record that the order does not bind the successor, doubtless the plaintiffs would abandon this suit. But we regard the order as enforceable against both the successor company and the Oklahoma Gas & Electric Company.

The legislative step being complete in this case, the judicial stage of the controversy was reached, and it was then open to the suit of the aggrieved parties in the federal court. Central Kentucky Nat. Gas Co. v. R. R. Commission (D. C.) 37 F.(2d) 938; Nelson v. First National Bank (C. C. A.) 42 F.(2d) 30. The plaintiffs are entitled to a judicial determination of the subject-matter of their complaint as set forth in their bill.

The decree of the District Court is therefore reversed, and the cause is remanded to that court, with direction to proceed to a final disposition of the cause, consistently with this opinion.

Reversed.