**OKLAHOMA PACKING CO. et al. v. OKLA-
HOMA GAS & ELECTRIC CO. et al.**

No. 1687.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1938.

W. R. Brown, of Chicago, Ill. (Paul Ware, of Chicago, Ill., and G. H. Holloway, of Oklahoma City, Okl., on the brief), for appellants.

Streeter B. Flynn, of Oklahoma City, Okl., and I. J. Underwood, of Tulsa, Okl. (Robert M. Rainey and Calvin Jones, both of Oklahoma City, Okl., R. M. Campbell, of Chicago, Ill., Rainey, Flynn, Green & Anderson, of Oklahoma City, Okl., and Allen, Underwood & Canterbury, of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

The Oklahoma Natural Gas Company, an Oklahoma corporation, hereinafter called the Gas Company, was engaged in the business of producing, transporting, and selling natural gas. It held local franchises for the sale and distribution of gas in certain cities and towns in Oklahoma, but had no local franchise in Oklahoma City.

In September, 1926, the Oklahoma Natural Gas Corporation, a Maryland corporation, hereinafter called the Gas Corporation, purchased the properties of the Gas Company and thereafter engaged in the transmission, sale, and distribution of gas in Oklahoma.

The Oklahoma Gas and Electric Company, an Oklahoma corporation, hereinafter called the Electric Company, was engaged in the sale and distribution of natural gas to domestic and industrial consumers in Oklahoma City and the immediate vicinity thereof, and in other cities and towns in Oklahoma operating under local franchises.

In June, 1921, the Corporation Commission of Oklahoma fixed a gate rate for gas sold to local distributing companies. Theretofore the Gas Company had supplied gas to the Electric Company on a percentage basis. Upon the promulgation of the gate rate order the Gas Company established gas measuring stations at points adjacent to but outside the city limits of Oklahoma City and continued to supply gas to the Electric Company at such measuring stations at the gate rate.

In September, 1924, the Gas Company, with the approval of the Corporation Commission, put into effect an industrial gas rate to consumers located outside the city limits of the cities where the Gas Company held local franchises. The rate was on a monthly basis and was conditioned on a minimum consumption of thirty million cubic feet per month. The rate was thirty-eight cents per thousand cubic feet for the first one hundred thousand cubic feet and fifteen cents per thousand cubic feet for gas in excess thereof. On January 1,

1926, with the approval of the Corporation Commission, the rate was reduced to thirty-five cents per thousand cubic feet for the first one hundred thousand cubic feet and the minimum was reduced to fifteen million cubic feet. Under these rates the Gas Company furnished gas to industrial consumers outside the city limits of cities and towns where it sold and distributed gas under local franchises.

After the measuring stations at the city gates were established there were certain gas consumers living outside the points where such measuring stations were located that had theretofore been served by the Electric Company. It was agreed between the Electric Company and the Gas Company with the approval of the Corporation Commission that such consumers should be supplied by the Gas Company. In accordance with such agreement the Gas Company furnished gas to such consumers.

Wilson & Company, Inc., of Oklahoma, hereinafter called the Oklahoma Company, is a corporation organized under the laws of Oklahoma. Wilson & Company, Inc., of Oklahoma, hereinafter called the Delaware Company, is a corporation organized under the laws of Delaware. The Oklahoma Company was engaged in the meat packing business. Its plant was located outside the city limits of Oklahoma City but within the territory lying between the city limits and the measuring stations.

Prior to March 1, 1928, neither the Gas Company nor the Gas Corporation served or offered to serve consumers located in Oklahoma City or within the territory surrounding Oklahoma City lying between the city limits and the measuring stations. That territory was being served by the Electric Company. Prior to 1919 the Electric Company extended its distribution lines to the district where the plant of the Oklahoma Company was located and distributed gas to consumers in that district.

In 1924 the Electric Company built a service line from one of its distributing lines to the Oklahoma Company plant and began furnishing it gas for industrial purposes.

On April 13, 1926, the Corporation Commission, upon complaint of the Oklahoma Company, promulgated its order No. 3388 which required the Gas Company to furnish the Oklahoma Company with gas at the industrial rates. The Gas Com-

pany and the Electric Company petitioned the Supreme Court of Oklahoma to review order No. 3388, and the Supreme Court awarded supersedeas suspending the operation of such order. On April 29, 1930, the Supreme Court affirmed such order. Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okl. 272, 288 P. 316.

On December 3, 1931, the Oklahoma Company transferred its packing plant and other property, including any claim on the supersedeas bonds, to the Delaware Company. Thereafter, the name of the Oklahoma Company was changed to Oklahoma Packing Company.

On March 1, 1928, the Gas Corporation purchased the natural gas distributing systems of the Electric Company in the cities and towns in Oklahoma in which the latter company held franchises, and thereafter operated such systems. The Gas Corporation on the acquisition of such systems put in effect in such cities and towns its industrial gas rate. From and after March 1, 1928, the Gas Corporation furnished gas to the Oklahoma Company and its successor, the Delaware Company, at such industrial rate.

On December 3, 1931, the Delaware Company, as successor to the Oklahoma Company, brought an action against the Electric Company and the Fidelity & Casualty Company of New York upon the bonds given to supersede order No. 3388, in the district court of Oklahoma County, numbered 71,898 on the docket of that court. On April 6, 1933, a judgment was entered in such action in favor of the Delaware Company and against the Electric Company and the Fidelity & Casualty Company. In such action the state court held it had jurisdiction to determine the validity of order No. 3388. The Electric Company and the Fidelity & Casualty Company duly appealed from such judgment and the execution of the judgment was duly superseded pending appeal.

On July 24, 1930, the Gas Company, then a dissolved corporation, its directors, the Gas Corporation, and the Electric Company brought a suit against the Oklahoma Company in the District Court of the United States for the Western District of Oklahoma, numbered 1144 Equity on the docket of that court, wherein they challenged the validity of order No. 3388, and sought an injunction against the further prosecution of cause No. 71,898. The lower court dismissed the bill. On appeal this court held

the action of the Supreme Court of Oklahoma in affirming order No. 3388 was legislative in character and that the plaintiffs were entitled to challenge the validity of such order in an independent proceeding in equity. See Oklahoma Gas & Electric Co. v. Wilson & Company, 10 Cir., 54 F.2d 596. After remand further proceedings were had in cause No. 1144. On May 19, 1932, the plaintiffs therein dismissed the suit without prejudice.

On May 20, 1932, the Electric Company, the Gas Corporation, and the Gas Company, a dissolved corporation, and its directors, brought this suit against the Oklahoma Company, the Delaware Company, the Corporation Commission of the state of Oklahoma, and J. Berry King, Attorney General of Oklahoma. Certain proceedings were had therein before a three-judge court. On appeal from a decree entered by the three-judge court the Supreme Court of the United States held that the action did not fall within the purview of 28 U.S.C.A. § 380. 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318. It vacated the decree and remanded the cause for further proceedings before a single judge.

On September 15, 1936, the Supreme Court of Oklahoma reversed the judgment recovered by Wilson & Company, Inc., of Oklahoma, in cause No. 71,898, Oklahoma Gas & Electric Co. v. Wilson & Co., 178 Okl. 604, 63 P.2d 703, and remanded the cause with directions to the state district court to stay the action pending the decision in the instant case.

In the instant case, the court held that the judgment of the Supreme Court of Oklahoma in affirming order No. 3388, was legislative in character; that the order was invalid because the Gas Company prior to the making thereof had not served nor professed to serve gas consumers within Oklahoma City or in the territory between the measuring stations and the city limits and was not required to extend its service to the Oklahoma Company. It entered its decree adjudging order No. 3388 invalid and restraining the Delaware Company from further prosecuting cause No. 71,898. The Oklahoma Company and the Delaware Company have appealed.

In the instant case, the Delaware Company filed a special appearance objecting to the venue on the ground it was not an inhabitant of the Western District of Oklahoma. The action of the trial court in overruling the motion is urged as error here.

Section 51 of the Judicial Code, 28 U. S.C.A. § 112, in part reads:

" * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In the instant case, jurisdiction was based upon the fact that the suit was one arising under the Constitution of the United States, namely, that the enforcement of order No. 3388 would deprive the Gas Corporation of its property without due process of law contrary to the provisions of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14.

Section 43 of Article 9 of the Oklahoma Constitution, Okl.St.Ann.Const., art. 9, § 43, as originally adopted in part provides that "every foreign corporation * * * before being licensed to do business in the State," shall designate an agent residing in the state for service of process and that "Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

Section 130, O.S.1931, 18 Okl.St.Ann. § 452, which has been in effect since June 10, 1909, in part reads as follows:

"Every foreign corporation shall, before it shall be authorized or permitted to transact business in this State * * * appoint an agent who shall be a citizen of the State and reside at the State capital, upon whom service of process may be made in any action in which said corporation shall be a party; and action may be brought in any county in which the cause of action arose * * *."

The trial court found that prior to the commencement of the instant case the Delaware Company duly qualified as provided by the statutes of Oklahoma to do a local business as a foreign corporation in Oklahoma, and as provided by the statutes of Oklahoma duly filed a certificate designating an agent on whom process, issued in actions instituted in Oklahoma against the

Delaware Company, might be served and consenting that actions might be brought against it in the county in which the cause arose. Such finding was not excepted to nor otherwise challenged below.

■ A state may withhold from a foreign corporation the right to do an intrastate business therein or condition such right as it sees fit so long as it does not impose as a condition the surrender of a constitutional right.[1]

■ The provision of Section 51, supra, does not limit the general jurisdiction of the district courts, but merely confers a personal privilege on the defendant which he may waive or assert at his election.[2] The waiver may occur either before or after the commencement of the suit.[3]

■ Where a foreign corporation qualifies to do business in a state in accordance with the statutes of the state, it assents to all the reasonable conditions imposed by such statutes.[4]

■ The condition imposed that the Delaware Company consent to be sued in Oklahoma was a reasonable one. It was to enable residents of Oklahoma to obtain redress against foreign corporations doing business in Oklahoma in the state and federal courts in Oklahoma upon causes of action arising in Oklahoma. Ex parte

Schollenberger, 96 U.S. 369, 376, 377, 24 L.Ed. 853.

■ Where a foreign corporation qualifies to do business in a state in accordance with the statutes of the state, it thereby assents to be sued in the state and federal courts of competent jurisdiction therein, if the statutes of the state respecting the entry of a foreign corporation so provide.[5]

Prior to 1887 when the statute (Act of March 3, 1875, 18 Stat. 470) allowed suit in the district of which the defendant "is an inhabitant, *or in which he shall be found,*" it was held that a corporation, which in order to do business in the state, appointed an agent for service of process therein, thereby "consented to be found" in the state and could be sued there in the federal court.[6]

■ After the words above italicized were omitted by the Act of March 3, 1887, 28 U.S.C.A. § 112, it was held that the mere appointment of an agent for service of process, or the doing of business in a foreign state through an agent, did not imply an agreement to waive the venue privilege accorded by 28 U.S.C.A. § 112.[7]

■ Here, the provisions of the Oklahoma Constitution and statutes respecting the admission of foreign corporations to do business in the state provided that such cor-

[1] Hanover Fire Ins. Co. v. Harding, 272 U.S. 494, 507, 47 S.Ct. 179, 71 L.Ed. 372, 49 A.L.R. 713; Atlantic Refining Co. v. Virginia, 302 U.S. 22, 58 S.Ct. 75, 82 L.Ed. 24; Paul v. Virginia, 8 Wall. 168, 19 L.Ed. 357; Western Union Tel. Co. v. Kansas, 216 U.S. 1, 33, 30 S.Ct. 190, 54 L.Ed. 355; Power Manufacturing Co. v. Saunders, 274 U.S. 490, 496, 497, 47 S.Ct. 678, 71 L.Ed. 1165; Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A.L.R. 186; Washington ex rel. Bond & Goodwin & Tucker v. Superior Court, 289 U.S. 361, 364, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653.

[2] Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 655, 43 S.Ct. 230, 67 L.Ed. 443; In re Moore, 209 U.S. 490, 502, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164; Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 531.

[3] Commercial Casualty Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 180, 49 S.Ct. 98, 73 L.Ed. 252; Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853; McLean v. State of Mississippi, 5 Cir., 96 F.2d 741, 743.

[4] Washington ex rel. Bond & Goodwin & Tucker v. Superior Court, 289 U.S. 361, 364, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653; Lafayette Insurance Co. v. French, 18 How. 404, 408, 15 L.Ed. 451; St. Clair v. Cox, 106 U.S. 350, 356, 1 S.Ct. 354, 27 L.Ed. 222; Connecticut Mutual Life Ins. Co. v. Spratley, 172 U.S. 602, 614, 19 S.Ct. 308, 43 L.Ed. 569; Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 22, 27 S.Ct. 236, 51 L.Ed. 345; Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 254, 29 S.Ct. 445, 53 L.Ed. 782.

[5] Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853; Baltimore & O. Railroad Company v. Harris, 12 Wall. 65, 81, 20 L.Ed. 354; Baltimore & O. Railroad Company v. Koontz, 104 U.S. 5, 10, 26 L.Ed. 643. See, also, O'Donnell v. Slade, D.C.Pa., 5 F.Supp. 265.

[6] Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

[7] In re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402; Beech-Nut Packing Co. v. P. Lorillard Co., D.C.N.Y., 287 F. 271, 272; McLean v. State of Mississippi, 5 Cir., 96 F.2d 741, 743.

porations may be sued in the county in which the cause of action arose. By complying with those provisions and obtaining a license to transact a local business in Oklahoma, the Delaware Company did more than appoint a statutory agent for service of process; it assented to be sued in any court, state or federal, whose territorial jurisdiction embraced the county in which the cause of action arose. The cause of action here sued on arose in Oklahoma County. The Western District of Oklahoma embraces that county and a regular term of the court is held at Oklahoma City in that county. We conclude that the Delaware Company, by complying with the provisions of Oklahoma law respecting the domestication of foreign corporations, waived its right to object to the venue of the court and consented to be sued in the District Court of the United States for the Western District of Oklahoma.

■ Counsel for the Oklahoma Company and the Delaware Company contend that in reviewing order No. 3388, the Supreme Court of Oklahoma acted judicially and that its judgment affirming that order is conclusive as to the validity of the order under the doctrine of res judicata. The Oklahoma Company was a party defendant in cause No. 1144. The Delaware Company is the successor to and claims through the Oklahoma Company. On appeal from the judgment of the district court in cause No. 1144 this court held that the review by the Supreme Court of Oklahoma was legislative in character. See Oklahoma Gas & Electric Company v. Wilson & Company, 10 Cir., 54 F.2d 596. Furthermore, the Supreme Court of Oklahoma in its opinion reversing the judgment in cause No. 71,898, Oklahoma Gas & Electric Co., et al. v. Wilson & Co., Inc., 178 Okl. 604, 63 P.2d 703, 704, 705, said:

"In the instant case, in view of the fact that defendants' right to a judicial remedy in the state courts was uncertain, the federal court acquired jurisdiction of the cause instituted therein by defendants. That remedy was available to them as the only certain method of obtaining a judicial determination of the validity of the commission's order. The suit was a direct attack upon such order, and until its validity was established in that suit, the state court was without jurisdiction to proceed with an action based upon such order. This for the reason that where direct attack in equity is made upon the order of the commission the

defendants' liability on such order is not finally determined judicially until final determination of the equitable action. See Pioneer Tel. & Tel. Co. v. State, 40 Okl. 417, 138 P. 1033.

"The trial court erred in overruling defendants' motion to stay proceedings in this cause pending decision in the case in the federal court. The judgment is therefore reversed and the cause remanded, with directions to stay the action in accordance with defendants' motion."

■ The trial court made the following finding of fact:

"The Oklahoma Natural Gas Company has not served, nor professed to serve, gas to consumers upon the lines of the Oklahoma Gas and Electric Company located within the city gates, that is, beyond the point where the gas sold by the Oklahoma Natural Gas Company to the Oklahoma Gas and Electric Company is measured. The Oklahoma Natural Gas Company sold no gas to Wilson & Company, Inc., prior to the order complained of."

This finding was supported by substantial evidence and was not excepted to nor otherwise challenged below.

The Delaware Company and the Oklahoma Company moved to strike the following conclusion of law:

"That the Oklahoma Natural Gas Company has never held itself out and had never agreed or professed to serve gas to Wilson & Company or any consumer similarly situated to Wilson & Company, Inc, and was not obligated by virtue of any franchise to serve the said Wilson & Company, Inc., and, therefore, said Order No. 3388 is null and void, as being contrary to and in violation of the Fourteenth Amendment to the Constitution of the United States and of the Constitution of the State of Oklahoma."

The action of the trial court in denying the motion is urged as error here.

The facts found supported the conclusions of law under the applicable law as announced in the Oklahoma decisions. Oklahoma Natural Gas Co. v. Corporation Commission et al., 88 Okl. 51, 211 P. 401, 31 A.L.R. 330; In re Vance, 115 Okl. 8, 241 P. 164.

In Oklahoma Natural Gas Co. v. Corporation Commission et al., supra, page 402, the court said:

"But the appellant has not undertaken or professed to serve the city of Chickasha,

neither does it profess to serve the state at large. The fact that it is a public utility does not necessarily cast upon it the duty of serving the public at large. This duty is not to all men, but to a certain public limited by its profession. Wyman on Public Service Corporations, § 344; * * *. To compel the appellant to extend its service to a city, town, or community it has not undertaken or professed to serve, and which it does not desire to serve, is tantamount to an appropriation of private property for public use without just compensation."

In the Vance Case it was held that:

"The Corporation Commission has no authority to require a public utility to furnish natural gas to people living outside the city limits where the utility has never professed or undertaken to serve the people of that community generally, even though it may appear that the gas company has a pipe line in close proximity to the property of such persons."

■ 28 U.S.C.A. § 379, Section 265 of the Judicial Code, reads as follows:

"Same; stay in State courts. The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Counsel for the Oklahoma Company and the Delaware Company contend that the provisions of Section 379, supra, prohibited the court from enjoining the further prosecution of cause No. 71,898.

The restraint was against the parties and not against the state court. Steelman v. All Continent Corp., 301 U.S. 278, 291, 57 S.Ct. 705, 81 L.Ed. 1085.

■ The Gas Company and the Electric Company had exhausted their administrative remedies respecting order No. 3388. If they disobeyed it and it was ultimately adjudged to be valid, they would be subject to large fines and penalties. The enforcement of the order if invalid would result in the taking of the Gas Corporation's property without due process of law. A bill in equity to enjoin the enforcement of the order was the appropriate remedy.[8] The order being invalid for the reasons heretofore stated, the Gas Company and the Gas Corporation were entitled to a decree enjoining its enforcement.

■ One question remains, were the Gas Corporation, the Gas Company, and the Electric Company entitled to enjoin the further prosecution of cause No. 71,898? It may be conceded that ordinarily the right to set up the decree in the instant case as res judicata would afford an adequate remedy. The causes of action on the supersedeas bonds are necessarily predicated on order No. 3388. That order being invalid, those causes of action necessarily must fail. Indeed, the Supreme Court of Oklahoma in Oklahoma Gas & Elec. Co. v. Wilson & Co., Inc., supra, held that until the validity of order No. 3388 was established in the instant suit "the state court was without jurisdiction to proceed with an action based upon such order." The validity of order No. 3388 not having been established and its invalidity having been adjudged, there remains no basis for the state court proceeding. Its prosecution could be for no other purpose than vexation. Furthermore, claims on the supersedeas bonds were transferred to the Delaware Company, and it is the plaintiff in cause No. 71,898. It did not by answer or otherwise raise the question of the adequacy of a legal remedy. It must be deemed, therefore, to have waived it. Foltz v. St. Louis & S. F. R. Co., 8 Cir., 60 F. 316, 322. Under all the circumstances we are of the opinion there was no prejudicial error in enjoining the further prosecution of cause No. 71,898.

■ Where a chancellor has considered conflicting evidence and has made his findings and decree thereon, they must be regarded as presumptively correct, and unless a serious mistake has been made in the consideration of the evidence or an obvious error has intervened in the application of the law, the decree should be permitted to stand.[9] We are of the opinion that the court below made no serious mistake in the consideration of the evidence or any obvious error in the application of the law thereto, and that the decree should be and it is affirmed.

[8] Prentis v. Atlantic Coast Line, 211 U. S. 210, 227, 228, 29 S.Ct. 67, 53 L.Ed. 150; Mississippi R. R. Comm. v. Mobile & Ohio R. Co., 244 U.S. 388, 392, 37 S. Ct. 602, 61 L.Ed. 1216.

[9] Standard Oil Co. of Colorado v. Standard Oil Co., 10 Cir., 72 F.2d 524, 527; Stewart v. American Life Ins. Co., 10 Cir., 89 F.2d 743, 747; Stearns v. Central Petroleum Co., 10 Cir., 93 F.2d 638, 641; Whitchurch v. Crawford, 10 Cir., 92 F.2d 249, 254.