NORTH BUTTE MINING CO. v. TRIPP.
No. 10006.

Circuit Court of Appeals, Ninth Circuit.
June 3, 1942.

See, also, C.C.A., 117 F.2d 304.

J. A. Poore and James A. Poore, Jr., both of Butte, Mont., for appellant.

P. E. Geagan, of Butte, Mont., and Donald D. Harries and Elvero J. McMillan, of Duluth, Minn., for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the District of Minnesota, a judgment (hereafter called the Minnesota judgment) was obtained by appellee, Chester D. Tripp, a citizen of Illinois, against appellant, North Butte Mining Company, a Minnesota corporation, for $14,525 with interest and costs. Thereafter an action on the Minnesota judgment was brought by appellee against appellant in the District Court of the United States for the District of Montana (hereafter called the Montana court). A summons was issued by the Montana court and was placed in the hands of the marshal for service. The marshal made return thereof as follows: "I hereby certify and return, that on the 27th day of March, 1941, I received the within summons and executed the same in

the following manner: I served the North Butte Mining Company, a corporation, by exhibiting the original summons to Paul Gow, president of said corporation and an authorized person to accept process for said corporation, and by also delivering and leaving with him a true and correct copy of the summons, with a copy of the complaint attached thereto, at Butte, Montana, on the 27th day of March, 1941."

Appellant, appearing specially, moved to quash the service of summons and to dismiss the Montana action on the ground that neither appellant nor appellee was an inhabitant or resident of the District of Montana. The Montana court denied appellant's motion and entered a default judgment (hereafter called the Montana judgment) for the full amount of the Minnesota judgment, with interest and costs. From the Montana judgment this appeal is prosecuted.

Section 51 of the Judicial Code, 28 U.S.C.A. § 112, provides that, with inapplicable exceptions, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The Montana action was a civil suit brought by original process, within the meaning of § 51. Jurisdiction was founded only on the fact that the action was between citizens of different States. Appellee was an inhabitant and resident of Illinois. Appellant, being a Minnesota corporation, was an inhabitant and resident of Minnesota. Neither appellant nor appellee was an inhabitant or resident of Montana. By its motion, therefore, appellant claimed the privilege accorded by § 51—the privilege of being sued only in the district of the residence of either appellant or appellee.

Prior to the commencement of the Montana action, appellant complied with § 6651, Revised Codes of Montana, reading as follows: "All foreign corporations * * * shall, before doing business within this state, file in the office of the secretary of state, and in the office of the county clerk of the county wherein they intend to carry on business, * * * a certificate * * * certifying that the said corporation * * *

has consented to be sued in the courts of this state, upon all causes of action arising against it in this state, and that service process may be made upon some person, a citizen of this state, whose name and place of residence shall be designated in such certificate, and such service, when so made upon such agent, shall be valid service on the corporation or company."

■ Appellee contends that, by filing the certificate required by § 6651, appellant, in effect, consented to be sued in the District of Montana and thus waived the privilege accorded by § 51 of the Judicial Code. This undoubtedly is true as to causes of action arising in Montana. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437;[1] Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, 537.[2] It is not true, however, as to causes of action arising elsewhere; for § 6651 does not require, nor (so far as the record shows) has appellant filed, a certificate consenting to be sued in Montana on any cause of action not arising in Montana. Appellee's cause of action arose in Minnesota, not in Montana. Appellant, therefore, cannot be said to have consented to be sued thereon in any Montana court, State or Federal.

In Neirbo Co. v. Bethlehem Shipbuilding Corp., supra, a Delaware corporation was sued in the Southern District of New York. The Delaware corporation had complied with a New York statute, General Corporation Law, § 210, Consol.Laws, c. 23, requiring every foreign corporation doing business in New York to designate an agent "upon whom all process in any action or proceedings against it may be served within this state."[3] The requirement was not limited to causes of action arising in New York, but was general. The Supreme Court held that the Delaware corporation was not entitled to claim the privilege accorded by § 51.

In Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., supra, a Delaware corporation was sued in the Western District of Oklahoma. The Delaware corporation had complied with an Oklahoma statute requiring every foreign corporation doing business in Oklahoma to "appoint an agent who shall be a citizen of the State and reside at the State capital, upon whom service of process may be made in any action in which said corporation shall be a party."[4] The requirement was not limited to causes of action arising in Oklahoma, but was general. The Supreme Court held that the Delaware corporation was not entitled to claim the privilege accorded by § 51.

In the case at bar, appellant, a Minnesota corporation, was sued in the District of Montana on a cause of action arising in Minnesota. Appellant had complied with a Montana statute requiring every foreign corporation doing business in Montana to file a certificate consenting to be sued in Montana and designating an agent upon whom process could be served, but the statute applied only to causes of action arising in Montana; and, so far as the record shows, appellant's consent to be sued in Montana did not go beyond the requirements of the statute. These facts distinguish the case at bar from the Neirbo case and the Oklahoma case and render the doctrine of those cases inapplicable.

Judgment reversed and case remanded with directions to grant appellant's motion.

[1] Reversing Neirbo Co. v. Bethlehem Shipbuilding Corp., 2 Cir., 103 F.2d 765.
[2] Reversing Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 10 Cir., 100 F.2d 770.
[3] 103 F.2d 770.
[4] 100 F.2d 773.