### KNOBLOCH v. M. W. KELLOGG CO. et al.
### No. 11312.

Circuit Court of Appeals, Fifth Circuit.
March 14, 1946.

---

2 Note 1, supra.

J. Edwin Smith, of Houston, Tex., for appellant.

T. E. Mosheim and W. M. Ryan, both of Houston, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the court below dismissing appellant's complaint for lack of venue. The action arose in Louisiana under the Workmen's Compensation Law of that state, Act No. 20 of 1914; it was brought by a citizen of Louisiana against citizens of Delaware and Connecticut, respectively. Being a transitory action arising outside the state of the forum, and the court having jurisdiction of the subject matter on the ground of diversity of citizenship, the question presented for decision was whether the venue was properly laid in the southern district of Texas.

It was alleged in the complaint that each of the defendants did business in Texas and had an agent in Harris County, Texas, upon whom service of process might be served; but there was no allegation as to the nature of the business of either of the defendants, or as to any connection between their operations in Texas and their operations in Louisiana. It was not alleged for what purpose defendants had an agent in Texas, how he was appointed, or what was his name; nor was it alleged that either defendant was required to have a permit to do business in Texas.

It must be assumed, appellant contends, that the defendants were legally plying their trades in Texas and had complied with the applicable state statute requiring each to designate an agent upon whom process might be served.[1] On the basis of this assumption and the statute just cited, appellant argues that each of the defendants has consented to the venue of this action. If we should follow the appellant to this point in his argument, we should nevertheless have to sustain the court below in its ruling, because this action did not arise in Texas or out of facts having any relation to the business there being

[1] Sec. 1, Article 2031a, of Vernon's Annotated Civil Statutes of Texas.

carried on by the appellees or either of them.

■ We do not need to discuss the constitutional question that would have to be decided if we adopted the construction of the statute sought by appellant, which would extend the waiver or consent of foreign corporations to all suits against them upon transitory actions arising beyond the boundaries of the state. There being no state decision on the subject, we reject appellant's contention, and construe the Texas statute to apply only to causes of action arising within the state or out of facts relating to business therein transacted.[2]

■ None of the parties plaintiff or defendant to this action was or is an inhabitant of the southern district of Texas; and federal jurisdiction thereof is founded only on the fact that the controversy is wholly between citizens of different states. In these circumstances this suit may be brought in a court of the United States only in the district of the residence of either the plaintiff or the defendants unless the defendants consented to the venue so laid or waived their federal immunity from suit in a district wherein neither the plaintiff nor the defendants resided.[3] This is true although the court below had jurisdiction of the subject matter[4] and the cause of action was of the nature of one that might be prosecuted in Texas.[5]

Appellant relies upon Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437 which was an action in the federal court for the southern district of New York to restrain the performance of a contract for the sale of certain property, including dry docks in the waters of New York Harbor. A later case cited by appellant, wherein the opinion was written by the same Justice, is Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537. There a Delaware corporation, which

pursuant to local law had designated an agent for service of process in any action in the courts of Oklahoma, was held amenable to suit in a federal district court of Oklahoma "upon causes of action arising in that state."

Prior to both of these cases was the decision in Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, which applied an earlier federal statute on the subject of venue, and held that service upon an agent, designated in conformity with a valid state statute, constituted consent to be sued in the state of the forum and a waiver of the federal immunity provision as to venue. In North Butte Mining Co. v. Tripp, 9 Cir., 128 F.2d 588, where a Minnesota corporation was sued in the District of Montana on a cause of action arising in Minnesota, the court held that the Montana statute applied only to causes of action arising in Montana; but this ruling was compelled by the language of the statute itself.

■ For the reasons above stated, the judgment appealed from should be affirmed. The result is the same if we do not assume that the defendants had complied with the Texas statute and thereby consented to be sued in the district of the forum.[6] On the other hand, if considerations of public policy demand that a corporation, which enters a state in defiance of a statute, should be held to have assented to the statutory conditions of transacting corporate business therein, it would be going very far to imply such assent as to business transacted in another state.[7]

■ Finally, in the case at bar, we are required to decide the issue as to venue upon very meagre facts. It appears that federal jurisdiction here rests entirely upon diversity of citizenship and that all of the parties are nonresidents of Texas, which facts are indicative of a lack of venue unless the appellees consented to be sued in the district of the forum.[8] We have no factual basis for the implication of either consent or waiver. It is neither

---

[2] Stephens v. Richman & Samuels, Inc., 5 Cir., 118 F.2d 1011, certiorari denied 314 U.S. 651, 62 S.Ct. 97, 86 L.Ed. 522. Cf. Morris & Co. v. Skandinavia Ins. Co., 27 F.2d 329.

[3] 28 U.S.C.A. § 112(a).

[4] 28 U.S.C.A. § 41(1).

[5] United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453.

[6] Moss v. Atlantic Coast Line R. Co., 2 Cir., 149 F.2d 701.

[7] Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 23, 27 S.Ct. 236, 51 L.Ed. 345.

[8] "Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference." Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167, 128 A.L.R. 1437.

alleged nor proven that appellees obtained a permit to do business in Texas or designated a statutory agent for service in the state. There is no proof in the record as to the existence in Texas of any resident agent of either appellee. In short, the facts relied upon by appellant to sustain venue are too hypothetical to satisfy the law's requirements.

Affirmed.