## DEES v. SANTA FE TRAIL TRANSP. CO. (two cases).

### Nos. 4500, 4501.

District Court, W. D. Missouri, W. D.

Feb. 18, 1947.

K. L. Stockman and Thomas C. Swanson, both of Kansas City, Mo., for plaintiff.

Johnson, Davis & Kuraner, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision is whether the plaintiffs as residents of the State of Arkansas may sue the defendant, a corporation of the State of Kansas, in the federal court in Missouri.

█ Section 112, Title 28 U.S.C.A., contains the following pertinent provision:

"Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is alleged in the complaint that the defendant is carrying on its appropriate business within the State of Missouri and that it has designated a resident agent for service as required by Missouri law. It is the rule promulgated in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, that, by designating an agent for service in the State of Missouri, the defendant consented to be sued in Missouri and waived the provisions of Section 112 supra.

The Neirbo case is precisely in point. See also Neirbo Co. v. Bethlehem Shipbuilding Corporation, 2 Cir., 103 F.2d 765. In the latter opinion the facts were fully stated and coincided with those here presented. The plaintiffs in the Neirbo case were residents of New Jersey; the defendant was a corporation of Delaware but licensed to do buisness in New York and had consented to be sued there. The suit was brought in New York. The case was followed in Graver Tank & Mfg. Corp. v. New England T. Co., 1 Cir., 125 F.2d 71; Giusti v. Pryotechnic Industries, 9 Cir., 156 F.2d 351.

Counsel for the movant has called attention to the much cited case of Old Wayne Mut. Life Ass'n of Indianapolis, Indiana, v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345, as being in point on the subject of venue in this case. In the Old Wayne Life Ass'n case the plaintiff McDonough sought judgment in Pennsylvania on an insurance contract made in Indiana the home of the defendant. The defendant was not authorized to do business in Pennsylvania but there was some testimony that it had in fact transacted business in that state. It was the theory of the plaintiff that if transacting business in Pennsylvania it would be estopped to say that it had not appointed the superintendent or commissioner of insurance as its agent for service. The court held that estoppel would not operate in behalf of a policyholder whose contract was made in another state.

The case of St. Louis S. W. Ry. Co. of Texas v. Alexander, 227 U.S. 218, 33 S. Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77 was to the same effect. The defendant in the latter case had ceased to do business in Ohio and as the contract sued on had not been executed in that state the court refused to permit the plaintiff to invoke estoppel against the defendant.

The Supreme Court, in International Shoe Co. v. State of Washington, 326 U. S. 310, loc. cit. 318, 66 S.Ct. 154, loc. cit. 159, 161 A.L.R. 1057, expressed the correct judicial view when it said:

"While it has been held in cases on which appellant relies that continuous activity of some sorts within a state is not enough to support the demand that the corporation

be amenable to suits unrelated to that activity, Old Wayne Mut. Life Ass'n v. McDonough, supra; Green v. Chicago, B. & Q. R. Co., supra [205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916]; Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; People's Tobacco Co. v. American Tobacco Co., supra [246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537]; cf. Davis v. Farmers' Co-operative Co., 262 U.S. 312, 317, 43 S.Ct. 556, 558, 67 L.Ed. 996, *there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.* See Missouri, K. & T. R. Co. v. Reynolds, 255 U.S. 565, 41 S.Ct. 446, 65 L.Ed. 788. * * *."

The last cited case was decided upon the authority of St. Louis S. W. Ry. Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77. Adverting to that case, the court among other things said, loc. cit. 227 of 227 U.S., loc. cit. 247 of 33 S.Ct.:

"We reach the conclusion that this case is to be decided upon the principles which have heretofore prevailed in determining whether a foreign corporation is doing business within the district in such sense as to subject it to suit therein. *This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction.* In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process."

It is worthy of comment that in practically all of these cases the defendant had not, as in this case, appointed an agent for service in the state where suit was brought.

In the case of Knobloch v. M. W. Kellogg Co. et al., 154 F.2d 45, 47, the 5th Circuit Court of Appeals expressed the rule in the following apt language:

"In North Butte Mining Co. v. Tripp, 9 Cir. 128 F.2d 588, where a Minnesota corporation was sued in the District of Montana on a cause of action arising in Minnesota, the court held that the Montana statute applied only to causes of action arising in Montana; *but this ruling was compelled by the language of the statute itself.*"

The court said this in denying jurisdiction of a Texas court where an injury had occurred in Louisiana. It did not satisfactorily appear that the defendant either did business in Texas or had an agent for service there.

█ It does not appear that the Missouri statutes, in respect of service, puts such limitation upon the right of service as to preclude a non-resident from obtaining service in cases where the liability accrued elsewhere. Moreover, it may be reasonably inferred from the complaint that the operations of the defendant through Missouri were closely connected with the accrual of the alleged liability.

In view of the above, the motion to dismiss for want of jurisdiction, or rather, for improper venue, should be overruled and it will be so ordered. The defendant will be granted 20 days in which to answer or plead further.